IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| THOMAS CARRINGTON, ) | |
| ) | |
| Plaintiff, ) | Law No. CL97029 |
| ) | |
| vs. ) | |
| ) | **4:04-CV-00616** |
| CITY OF DES MOINES, ) | ORIGNIAL NOTICE |
| ) | |
| Defendant. ) | |

TO THE ABOVE-NAMED DEFENDANT(S):   City of Des Moines

You are notified that a Petition and Jury Demand has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition is attached to this notice. The attorney for the plaintiff(s) is Thomas Newkirk of the law firm of Fiedler, Townsend & Newkirk, P.L.C., whose address is 5501 NW 86th Street, Suite 100, Johnston, Iowa 50131. That attorneys' phone number is (515) 254-1999 and facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

_____
CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa 50309

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| THOMAS CARRINGTON,<br>Plaintiff,<br><br>Vs.<br><br>CITY OF DES MOINES,<br>Defendant. | POLK COUNTY, IA<br>LAW NO: CL 97209<br>2004 OCT -5 P 1: 28<br>CLERK DISTRICT COURT<br><br>PETITION AT LAW AND JURY DEMAND |

COMES NOW the above-named Plaintiff and states:

### PARTIES

1. That the Plaintiff was at all relevant times in this matter resident of Polk County, Iowa.

2. That the Defendant, City of Des Moines, is a municipal corporation formed pursuant to the laws of the State of Iowa, located in and doing business in Polk County, Iowa.

### JURISDICTION

3. The court has jurisdiction of this case pursuant to the general jurisdiction of the Iowa district courts, Iowa Code Chapter 216, 42 U.S.C. §2000(e), 42 U.S.C. §1981 and 42 U.S.C. §1983. Defendant discriminated against Plaintiff due to plaintiff's race thereby interfering with his right to contract. Defendant retaliated against Plaintiff when Plaintiff complained of discrimination to his superiors. Plaintiff seeks equitable relief by way of back pay, compensatory and punitive damages, emotional distress, attorney's fees and costs. The amount in controversy is within the jurisdiction of this court.

## ALLEGATIONS OF FACT

4. The Plaintiff is an African American Male.

5. Tom Carrington was hired by the defendant in 1997 for the public works department in Streets.

6. Plaintiff was transferred to Des Moines Housing Services in November of 1998.

7. During his employment the plaintiff was treated differently and less favorably than his white coworkers.

8. The plaintiff complained about discrimination during his employment to supervisors.

9. The plaintiff was fired from housing on April 27, 2004 due to his race, stereotypes about his race and/or retaliation for his complaints regarding discrimination and unequal treatment.

10. In addition to the discriminatory treatment provided to plaintiff during his employment, the defendant has discriminated against other African Americans in the public works department and housing departments.

11. The discriminatory treatment has taken several forms including, but not limited to: allowing racial slurs to go unpunished and uninvestigated in one or more departments of the City; providing benefits to white employees that are not provided to African Americans; placing unfair work rules and restrictions on African Americans in the in various departments of the City including Housing; and retaliation against

minorities who dare to complain of discrimination or unfair treatment.

12. The nature of the discrimination against African Americans takes several forms. There have been overt racial bias in certain managers. There has been less overt negative racial attitudes that prevents managers from viewing the actions of African Americans objectively when compared to the actions of whites and there has been negligence in the failure of management to properly investigate and remedy evidence of overt and subconscious racial bias.

13. The various types of bias have adversely affected the plaintiff throughout his employment by causing him extra discipline that affected his overall employment record and was a motivating factor in the final decision to terminate him.

14. The insidious nature of bias against African Americans permeates one or more levels of city management to varying degrees and has an overall cumulative effect of creating a hostile environment for plaintiff and other African Americans.

15. The hidden nature of the bias creates a discriminatory atmosphere that prevents African Americans from the equal enjoyment of rights to be free from discrimination that is provided to other white employees.

16. The evidence of discrimination also places the mental state of the decision-making agents of the defendant in issue to an extent that a mental exam to determine racial bias and motive should be implemented to include all members of management with decision-making authority over plaintiff and other minorities.

17. The plaintiff properly filed a charge with the Iowa Civil Rights Commission and the EEOC and received right to sue notices from those agencies.

## FOR A FIRST CAUSE OF ACTION
## Iowa Code § 216 -- Unequal Treatment Due To Race and Retaliation.

18. The Plaintiff realleges the allegations of paragraphs 1 through 17 above of this Petition, and incorporates the same by reference as if fully set forth herein.

18. In affording Plaintiff during his employment with Defendants unequal and less favorable treatment on the basis of his race; in subjecting plaintiff to a hostile environment due to his race, and in disciplining him in retaliation for his complaints of discrimination, and or complaints about white employees, committed an unlawful employment practice in violation of Iowa Code § 216.

19. That said conduct resulted in Plaintiff suffering a loss of wages as well as emotional distress and other compensatory damages.

20. That said conduct was willful and warrants the imposition of punitive damages to the extent allowed by law.

21. Plaintiff also makes a request for specific equitable relief including, but not limited to; 1) reinstatement of his seniority and other benefits not measured as compensatory damages including relief to offset the damage to his reputation, 2) injunctive relief prohibiting defendants from engaging in further discrimination or retaliation and preventing defendants from imposing discipline or other subjective treatment to future minority employees complaining of discrimination without conducting a full investigation under parameters to be ordered by the Court, 3) a mandatory injunction requiring defendant to engage in company-wide racial harassment and sensitivity training and a plan to force defendant to hire and promote minority employees to the extent there is a disparity in upper management or to the extent

current management is unable to view minorities and treat minorities in a non-subjective manner, 4) to impose mandatory racial bias testing upon members of management who have either, been found to have engaged in acts of discrimination, retaliation or suspect treatment toward minorities during their employment with defendant and 5) to remove supervisory authority from employees who have engaged in discrimination or retaliation or who are found to possess racial bias through testing or other means.

WHEREFORE, as to this First Cause of Action the Plaintiff prays for judgment against Defendants for lost wages, benefits and seniority, emotional distress damages, reasonable attorney fees, costs and disbursements, and for such other equitable relief within the jurisdiction of this court as may be just and necessary.

## FOR A SECOND CAUSE OF ACTION
### Title VII--42 U.S.C 2000e et seq.
### Unequal Treatment Due To Race and Retaliation.

23. Plaintiff repleads paragraphs one through 22 of this petition, and incorporates the same by reference as if fully set forth herein.

24. In affording plaintiff during his employment with Defendants unequal and less favorable treatment on the basis of his race; in maintaining a hostile environment against plaintiff due to his race, and in disciplining Plaintiff in retaliation for his complaints of discrimination, committed an unlawful employment practice in violation of 42 U.S.C. § 2000e.

25.    That said conduct resulted in Plaintiff suffering a loss of wages as well as emotional distress and other compensatory damages.

26.    That said conduct was willful and warrants the imposition of punitive

damages.

27.    Plaintiff also makes a request for specific equitable relief including, but not limited to; 1) reinstatement of his seniority and other benefits not measured as compensatory damages including relief to offset the damage to his reputation, 2) injunctive relief prohibiting defendants from engaging in further discrimination or retaliation and preventing defendants from imposing discipline or other subjective treatment to future minority employees complaining of discrimination without conducting a full investigation under parameters to be ordered by the Court, 3) a mandatory injunction requiring defendant to engage in company-wide racial harassment and sensitivity training and a plan to force defendant to hire and promote minority employees to the extent there is a disparity in upper management or to the extent current management is unable to view minorities and treat minorities in a non-subjective manner, 4) to impose mandatory racial bias testing upon members of management who have either, been found to have engaged in acts of discrimination, retaliation or suspect treatment toward minorities during their employment with defendant and 5) to remove supervisory authority from employees who have engaged in discrimination or retaliation or who are found to possess racial bias through testing or other means.

WHEREFORE, as to this Second Cause of Action the Plaintiff prays for judgment against Defendants for lost wages, benefits and seniority, emotional distress damages, reasonable attorney fees, costs and disbursements, and for such other equitable relief within the jurisdiction of this court as may be just and necessary.

### FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. § 1981-- Violation of contractual rights due to race

28. Plaintiff repleads paragraphs one through 27 of this petition, and incorporates the same by reference as if fully set forth herein.

29. That the conduct heretofore set forth in this petition violated the Plaintiff's contractual rights due to his race and as such are a direct violation of 42 U.S.C. § 1981.

30. That said conduct resulted in Plaintiff suffering a loss of wages as well as emotional distress and other compensatory damages.

31. That said conduct was willful and warrants the imposition of punitive damages.

32. Plaintiff also makes a request for specific equitable relief including, but not limited to; 1) reinstatement of his seniority and other benefits not measured as compensatory damages including relief to offset the damage to his reputation, 2) injunctive relief prohibiting defendants from engaging in further discrimination or retaliation and preventing defendants from imposing discipline or other subjective treatment to future minority employees complaining of discrimination without conducting a full investigation under parameters to be ordered by the Court, 3) a mandatory injunction requiring defendant to engage in company-wide racial harassment and sensitivity training and a plan to force defendant to hire and promote minority employees to the extent there is a disparity in upper management or to the extent current management is unable to view minorities and treat minorities in a non-subjective manner, 4) to impose mandatory racial bias testing upon members of management who have either, been found to have engaged in acts of discrimination, retaliation or suspect treatment toward minorities during their employment with defendant and 5) to remove supervisory authority from employees who have engaged in discrimination or retaliation

or who are found to possess racial bias through testing or other means.

WHEREFORE, as to this Third Cause of Action the Plaintiff prays for judgment against Defendants for lost wages, benefits and seniority, emotional distress damages, reasonable attorney fees, costs and disbursements, and for such other equitable relief within the jurisdiction of this court as may be just and necessary.

## FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983—Deprivation of Federal Rights

33. Plaintiff realleges and repleads paragraphs one through 32 of this petition, and incorporates the same by reference as if fully set forth herein.

34. That Defendants acted under the color of State law.

35. That the conduct by Defendants, heretofore set forth in this petition violated the Plaintiff's Constitutional and federal statutory rights and privileges, and as such are a direct violation of 42 U.S.C. § 1983.

36. That said conduct resulted in Plaintiff suffering a loss of wages as well as emotional distress and other compensatory damages.

37. That said conduct was willful and warrants the imposition of punitive damages.

38. Plaintiff also makes a request for specific equitable relief including, but not limited to; 1) reinstatement of his seniority and other benefits not measured as compensatory damages including relief to offset the damage to his reputation, 2) injunctive relief prohibiting defendants from engaging in further discrimination, or retaliation and preventing defendants from imposing discipline or other subjective treatment to future minority employees complaining of discrimination without conducting

retaliation and preventing defendants from imposing discipline or other subjective treatment to future minority employees complaining of discrimination without conducting a full investigation under parameters to be ordered by the Court, 3) a mandatory injunction requiring defendant to engage in company-wide racial harassment and sensitivity training and a plan to force defendant to hire and promote minority employees to the extent there is a disparity in upper management or to the extent current management is unable to view minorities and treat minorities in a non-subjective manner, 4) to impose mandatory racial bias testing upon members of management who have either, been found to have engaged in acts of discrimination, retaliation or suspect treatment toward minorities during their employment with defendant and 5) to remove supervisory authority from employees who have engaged in discrimination or retaliation or who are found to possess racial bias through testing or other means.

WHEREFORE, as to this Fourth Cause of Action the Plaintiff prays for judgment against Defendants for lost wages, benefits and seniority, emotional distress damages, reasonable attorney fees, costs and disbursements, and for such other equitable relief within the jurisdiction of this court as may be just and necessary.

## JURY DEMAND

COMES NOW the Plaintiff and hereby demands a jury trial with regard to this matter.

FIEDLER, TOWNSEND & NEWKIRK, P.L.C.

By_____
Thomas A. Newkirk  PK1015132
tnewkirk@fiedlertownsend.com
5501 NW 86TH St, Suite 100
Johnston, Iowa 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEY FOR PLAINTIFF

Original filed.

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| THOMAS CARRINGTON, ) | |
| ) | |
| Plaintiff, ) | Law No. CL 97209 |
| ) | |
| vs. ) | |
| ) | |
| CITY OF DES MOINES, ) | ACCEPTANCE OF SERVICE |
| ) | |
| Defendant. ) | |

I, Bruce Bergman, City Attorney, on behalf of Defendant, City of Des Moines, Iowa, and hereby acknowledge receipt of the Original Notice, Petition at Law and Jury Demand. This acknowledgement is taking place in Des Moines, Iowa on the 13th day of October, 2004.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is true and correct.

CITY OF DES MOINES, IOWA

_____
Bruce Bergman
City Attorney
City Hall
400 East 1st Street
Des Moines, Iowa 50309-1891

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| THOMAS CARRINGTON, | ) | No. CL 97209 |
| Plaintiff, | ) | |
| v. | ) | |
| CITY OF DES MOINES, | ) | ANSWER |
| Defendant. | ) | |
| | ) | Jury Demand |

COMES NOW Defendant City of Des Moines, and answers the Petition as follows:

1. Deny for lack of knowledge.

2. Admit.

3. Admit the Court has jurisdiction, and deny the remainder of paragraph 3.

4. Admit.

5. Admit that Plaintiff was hired as a seven-month worker for the Public Works Department in Street Maintenance, and deny the remainder of paragraph 5.

6. Admit that Plaintiff was promoted to a full-time position in the Housing Services Department in November 1998, and deny the remainder of paragraph 6.

7. Deny.

8. Deny as the vagueness of the allegation provides no basis on which to determine the accuracy of the general allegation.

9-16. Deny paragraphs 9, 10, 11, 12, 13, 14, 15 and 16.

17. Deny as the vagueness of the allegation provides no basis on which to determine the accuracy of the general allegation.

## FIRST CAUSE OF ACTION
### IOWA CODE § 216 – Unequal treatment due to Race and Retaliation

18. Defendant realleges the answers of paragraphs 1 through 17, and incorporates the same by reference.

18 (2nd)- 21. Deny the second paragraph 18, paragraphs 19, 20 and 21.

WHEREFORE Defendant prays that the First Cause of Action be dismissed with costs assessed to Plaintiff.

## SECOND CAUSE OF ACTION
### Title VII – 42 U.S.C. 2000e et seq.
### Unequal treatment due to race and retaliation

23. Defendant realleges the answers of paragraphs 1 through 21, and incorporates the same by reference.

24-27. Deny paragraphs 24, 25, 26 and 27.

WHEREFORE Defendant prays that the Second Cause of Action be dismissed with costs assessed to Plaintiff.

## THIRD CAUSE OF ACTION
### 42 U.S.C. § 1981 – Violation of contractual rights due to race

28. Defendant realleges the answers of paragraphs 1 through 27, and incorporates the same by reference.

29-32. Deny paragraphs 29, 30, 31 and 32.

## (2nd) THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – Deprivation of Federal Rights

2

33. Defendant realleges the answers of paragraphs 1 through 32, and incorporates the same by reference.

34. Deny paragraphs 34, 35, 36, 37 and 38.

## AFFIRMATIVE DEFENSES

A. Plaintiff has failed to exhaust his administrative remedies and the statute of limitations has now expired on some of plaintiff's purported claims.

B. The "same decision" defense as to both the discrimination claims and the retaliation claims.

C. Defendant is immune from claims for punitive damages.

## JURY DEMAND

Defendant requests trial by jury on all issues so triable.

_____
Steven C. Lussier
Assistant City Attorney
City Hall -- 400 Robert D. Ray Dr.
Des Moines, Iowa 50309-1891
Telephone: (515) 283-4157
Fax: (515) 237-1748
ATTORNEY FOR DEFENDANT
CITY OF DES MOINES

Original filed.
Copy to:

Thomas A. Newkirk
5501 NW 86th St., Ste. 100
Johnston, IA 50131

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 11/2/04
By:  ☒ U.S. Mail           ☐ FAX
     ☐ Hand Delivered      ☐ Overnight Courier
     ☐ Federal Express     ☐ Other
Signature _____